# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL CLAMP,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>　　　　Defendant. | Case No. 1:19-cv-01625-SAB<br><br>ORDER GRANTING PETITIONER'S MOTION FOR ATTORNEY FEES PURSUANT TO 42 U.S.C. § 406(b)<br><br>(ECF Nos. 24, 25, 26) |

**I.**

**INTRODUCTION**

Petitioner Jonathan O. Pena ("Counsel" or "Petitioner"), attorney for Plaintiff Michael Clamp ("Plaintiff"), filed the instant amended motion for attorney fees on April 18, 2022. (ECF No. 24.) Counsel requests fees in the net amount of $12,000.00 pursuant to 42 U.S.C. § 406(b)(1), with a credit to Plaintiff for the Equal Access to Justice Act, 28 U.S.C. § 2412(d) ("EAJA") fee in the amount of $1,650.82. Counsel additionally indicates he intends to file a petition with the Office of Hearings Operations for authorization to charge and collect a fee of $16,000.00 for work done at the agency level. Plaintiff was served a copy of the motion but did not file any opposition to Counsel's request. On April 28, 2022, Defendant Commissioner of Social Security ("Defendant") filed a response, specifying the filing was made in a role resembling that of trustee for Plaintiff, and that Defendant takes no position on the

1

reasonableness of the fee, but nonetheless noting that Counsel effectively seeks fees based on an hourly rate of $1,188.12.  (ECF No. 26.)  For the reasons discussed herein, Petitioner's motion for attorney fees shall be granted.

## II.

## BACKGROUND

On November 12, 2019, Plaintiff filed this action challenging the denial of social security benefits.  (ECF No. 1.)  On August 25, 2020, pursuant to the stipulation of the parties, the Court issued an order granting Plaintiff's social security appeal and remanding the matter for further administrative proceedings.  (ECF Nos. 19, 20.)  Judgment was entered for Plaintiff the same day.  (ECF No. 21.)  On October 22, 2020, a stipulation for the award of attorney fees in the amount of $1,650.82 pursuant to the EAJA was filed.  (ECF No. 22.)  The Court granted the parties' stipulated request for attorney fees in the amount of $1,650.82 that same day.  (ECF No. 23.)

Following remand, Defendant granted Plaintiff's application for benefits, entitling Plaintiff to receive approximately $114,032.00 in retroactive benefits.  (See ECF No. 24 at 3; Ex. A, ECF No. 24-1 at 4.)  The Commissioner withheld $28,508.00 from the past-due benefit for attorney fees.  (Id.)  This amount equals twenty-five percent (25%) of the retroactive benefit award.  (Id.)  In the instant motion, Counsel seeks an order awarding attorney fees in the lesser amount of $12,000.00, and further ordering Petitioner to reimburse Plaintiff in the amount of $1,650.82 for the EAJA fees previously paid.  (ECF No. 24 at 6.)  However, the Court additionally notes Counsel has indicated he will also seek to collect a fee from the Office of Hearings Operations for work done at the agency level in the amount of $16,000.00.  (Id. at 8.)  This would result in a net sum of attorney fees' for Counsel of $28,000.00, which very nearly equals the $28,508.00 (twenty-five percent of Plaintiff's award) withheld by the Commissioner.

## III.

## LEGAL STANDARD

In relevant part, 42 U.S.C. § 406(b)(1)(A) provides that when a federal court "renders a judgment favorable to a claimant . . . who was represented before the court by an attorney," the

2

court may allow reasonable attorney fees "not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." The payment of such award comes directly from the claimant's benefits. 42 U.S.C. § 406(b)(1)(A).

The Supreme Court has explained that a district court reviews a petition for section 406(b) fees "as an independent check" to assure that the contingency fee agreements between the claimant and the attorney will "yield reasonable results in particular cases." Gisbrecht v. Barnhart, 535 U.S. 789, 807 (2002). The district court must respect "the primacy of lawful attorney-client fee agreements," and is to look first at the contingent-fee agreement, and then test it for reasonableness." Crawford v. Astrue, 586 F.3d 1142, 1148 (9th Cir. 2009) (quoting Gisbrecht, 535 U.S. at 793). The twenty-five percent maximum fee is not an automatic entitlement, and courts are required to ensure that the requested fee is reasonable. Gisbrecht, 535 U.S. at 808–09 ("§ 406(b) does not displace contingent-fee agreements within the statutory ceiling; instead, § 406(b) instructs courts to review for reasonableness fees yielded by those agreements"). Agreements seeking fees in excess of twenty-five percent of the past-due benefits awarded are not enforceable. Gisbrecht, 535 U.S. at 807. The attorney has the burden of demonstrating that the fees requested are reasonable. Gisbrecht, 535 U.S. at 807 n.17; Crawford, 586 F.3d at 1148.

While the Supreme Court in Gisbrecht did not expressly "provide a definitive list of factors that should be considered in determining whether a fee is reasonable or how those factors should be weighed, the Court directed the lower courts to consider the 'character of the representation and the results the representative achieved.' " Crawford, 586 F.3d at 1151 (quoting Gisbrecht, 535 U.S. at 808). The Ninth Circuit has stated a court may weigh the following factors under Gisbrecht in determining whether the fee was reasonable: (1) the standard of performance of the attorney in representing the claimant; (2) whether the attorney exhibited dilatory conduct or caused excessive delay which resulted in an undue accumulation of past-due benefits; and (3) whether the requested fees are excessively large in relation to the benefits achieved when taking into consideration the risk assumed in these cases. Crawford, 586 F.3d at 1151–52.

1   Ultimately, an award of section 406(b) fees is offset by an award of attorney fees granted under the EAJA.  Gisbrecht, 535 U.S. at 796; Parrish v. Comm'r of Soc. Sec. Admin., 698 F.3d 1215, 1219 (9th Cir. 2012) (noting "the EAJA savings provision requires an attorney who receives a fee award under § 2412(d) of the EAJA in addition to a fee award under § 406(b) for the 'same work' to refund to the Social Security claimant the smaller award.").

## IV.

## DISCUSSION

The Court has conducted an independent check to insure the reasonableness of the requested fees in relation to this action.  Gisbrecht, 535 U.S. at 807.  Here, the fee agreement dated November 12, 2019, between Plaintiff and Petitioner provides that: "I agree that my attorney shall charge and receive as the fee an amount equal to twenty-five percent (25%) of the past-due benefits that are awarded to my family and me in the event my case is won . . . In addition to the fee, I agree to pay my attorney's reasonable out-of-pocket expenses that are incurred in representing me . . . As compensation for work beyond the Initial Hearing, including work at Appeals Council, Federal Court and/or Remand/Subsequent Hearing(s), I agree to pay my attorney 25% of Past Due Benefits/Retroactive benefits AWARDED (pre-offset) to me and my family (this includes any auxiliary beneficiaries) resulting from my disability claim at the time benefits are awarded."  (Decl. Jonathan O. Pena ("Pena Decl.") ¶¶ 6–7, ECF No. 29 at 20; contingency fee agreement, Ex. B, ECF No. 24-2 at 1.)  Plaintiff has been awarded retroactive benefits in the amount of $114,032.00. (ECF No. 24 at 3; ECF No. 24-1 at 4.)

Consideration of the factors set forth in Gisbrecht and Crawford warrants no reduction of the fee Petitioner seeks.  There is no indication that a reduction of fees is warranted for substandard performance.  Counsel is an experienced, competent attorney who secured a successful result for Plaintiff.  (See Pena Decl. ¶¶ 5–6.)  There is no indication that Counsel was responsible for any undue delay in the court proceedings.

Plaintiff agreed to a twenty-five percent (25%) fee at the outset of the representation. While the cumulative net fee sought by Counsel very nearly totals the full twenty-five percent contingency fee rate, the Court cannot speculate as to whether Counsel's requested fee at the

agency level will be fully granted by the Office of Hearings Operations. And, in any event, the maximum cumulative fees requested do not exceed twenty-five percent of Plaintiff's total retroactive award. More importantly, as to the fee requested work performed in federal court, the Court finds the fee is not excessively large in relation to the retroactive award of $114,032.00. In making this determination, the Court recognizes the contingent nature of this case and the risk that counsel took of going uncompensated. Hearn v. Barnhart, 262 F. Supp. 2d 1033, 1037 (N.D. Cal. 2003).

In support of the motion, Petitioner submitted a log of the time spent in prosecuting this action. (Pena Decl. ¶ 8; Ex. C, ECF No. 24-3.) The log demonstrates that Petitioner spent 7.9 hours on this action, and a paralegal expended 2.2 hours. (Pena Decl. ¶ 8; ECF No. 24-3.) Therefore, Petitioner is seeking $12,000.00 for 10.10 hours of attorney and paralegal time. When considering the total amount requested by Petitioner, the fee request translates to approximately $1,188.12 per hour for the services provided in this action.

While this hourly rate may seem high, the Court nevertheless notes that the Ninth Circuit has found fees of $519, $875, and $902 per hour, for time of both attorneys and paralegals, was not excessive. Crawford, 486 F.3d at 1153 (Clifton, J., concurring in part). Further, since Gisbrecht, courts note that reducing a fee request should not be routinely done and find fee awards of an effective hourly rate much higher than this to be reasonable. Williams v. Berryhill, No. EDCV 15-919-KK, 2018 WL 6333695, at *2 (C.D. Cal. Nov. 13, 2018) (awarding fee request that provides an effective hourly rate of $1,553.36 per hour); Coles v. Berryhill, No. EDCV 14-1488-KK, 2018 WL 3104502, at *3 (C.D. Cal. Jun. 21, 2018) (effective hourly rate of $1,431.94 reasonable under the circumstances); Palos v. Colvin, No. CV 15-04261-DTB, 2016 WL 5110243, at *2 (C.D. Cal. Sept. 20, 2016) (fees sought translate to $1,546.39 per hour for attorney and paralegal services); see also Villa v. Astrue, No. CIV-S-06-0846 GGH, 2010 WL 118454, at *1, n.1 (E.D. Cal. Jan. 7, 2010) ("In practice, the more efficient counsel is in court, the higher will be the hourly fee amount represented in a § 406 fee award.").

In light of the foregoing authorities, the Court finds the requested fees are reasonable in relation to the amount of work Petitioner performed in representing Plaintiff. Petitioner's

representation of Plaintiff resulted in the action being remanded for further proceedings and ultimately, substantial benefits were awarded.

The award of Section 406(b) fees is offset by any prior award of attorney fees granted under the EAJA. 28 U.S.C. § 2412; Gisbrecht, 535 U.S. at 796. In this instance, as noted above, the parties filed a stipulation on October 22, 2020, for the award of attorney fees in the amount of $1,650.82 pursuant to the EAJA (ECF No. 22), which the Court granted that same day (ECF No. 23). Accordingly, the Court shall order Petitioner to reimburse Plaintiff in the amount of EAJA fees ultimately received in the amount of $1,650.82.

## V.
## CONCLUSION AND ORDER

For the reasons stated above, the Court finds that the fees sought by Petitioner pursuant to Section 406(b) are reasonable. Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's motion for an award of attorney fees pursuant to Section 406(b) in the amount of $12,000.00 is GRANTED;

2. The Court authorizes payment to Petitioner in the amount of $12,000.00, representing attorney fees being withheld from Plaintiff's past due disability benefits; and

3. Upon receipt of this sum, Petitioner shall remit $1,650.82 directly to Plaintiff as an offset for EAJA fees awarded pursuant to 298 U.S.C. § 2412.

IT IS SO ORDERED.

Dated:  **May 19, 2022**

UNITED STATES MAGISTRATE JUDGE